IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

ANTHONY M. MILNER, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:19cv799-MHT 
 ) (WO) 
THE CITY OF MONTGOMERY, ) 
ALABAMA, et al., ) 
 ) 
 Defendants. ) 

 ORDER 

 This case is before the court on defendants’ motion 
to dismiss (doc. no. 12). Central to the disposition of 
the motion is the question of whether plaintiff Anthony 
Milner’s deadline for filing his charge of discrimination 
with the Equal Employment Opportunity Commission (EEOC) 
should be equitably tolled. 
 Among the facts alleged in the complaint, the court 
sees nothing that would support the application of 
equitable tolling, with the possible exception of the 
assertion that Milner was “informed that termination of 
his employment was not final until October 26, 2018.” 
Complaint (doc. no. 1) at ¶ 29. The court is unsure what 
to make of this allegation in the absence of any evidence 

supporting it and without details of precisely how Milner 
came to be informed that his termination was not final 
until October 2018. 
 When adjudicating a motion to dismiss for failure to 

exhaust administrative procedures, “it is proper for a 
judge to consider facts outside of the pleadings and to 
resolve factual disputes.” Bryant v. Rich, 530 F.3d 

1368, 1376 (11th Cir. 2008). Based on Milner’s response 
to the motion to dismiss, and particularly his objection 
to defendants’ submission of evidence on the issue, see 
Response to Motion to Dismiss (doc. no. 18) at 5, it 

appears that Milner has overlooked that the court must 
resolve factual issues in deciding a motion to dismiss 
for failure to exhaust, much as it must on a motion under 
Federal Rule of Civil Procedure 12(b)(1).* See Bryant, 

 * Milner’s mistake is somewhat understandable 
because defendants improperly framed their motion as one 
under Federal Rule of Civil Procedure 12(b)(6), which is 
not typically used for motions based on failure to 
 2 
530 F.3d at 1376. As such, mindful of the admonition of 
the Eleventh Circuit Court of Appeals that the parties 

must “have sufficient opportunity to develop a record” 
regarding factual disputes related to exhaustion, id., 
the court will allow the parties an opportunity to 
present additional factual evidence on the issue of 

equitable tolling. 
 * * * 
 Accordingly, it is ORDERED that: 

 (1) Plaintiff Anthony Milner may submit evidence 
supporting his position that his EEOC filing deadline 
should be equitably tolled, and particularly his 
assertion that he was “informed that termination of his 

employment was not final until October 26, 2018.” This 
evidentiary submission is due by 5:00 p.m. on Friday, 
December 4, 2020. 

exhaust. See Bryant, 530 F.3d at 1375 (noting that 
exhaustion is “a matter of judicial administration” that 
is “not expressly mentioned in Rule 12(b)”). 
 3 
 (2) Defendants may respond with any additional 
evidence they wish to present on the issue of equitable 

tolling. This response is due by 5:00 p.m. on Friday, 
December 11, 2020. 
 DONE, this the 23rd day of November, 2020. 
 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE 

 4